7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry HARDAGE, Plaintiff-Appellant,
v.
Moe DARBANDI, District Manager for Big Cheese Pizza; Big
Cheese Pizza; Neo Pizza, Inc., Defendants-Appellees.
 No. 93-7052.
 United States Court of Appeals, Tenth Circuit.
 Sept. 3, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Terry Hardage, appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction.
 
 
 3
 Hardage initiated this case against Big Cheese Pizza, Moe Darbandi, Director of Operations for Big Cheese Pizza, and Neo Pizza by filing a pro se complaint on the form provided by the federal district court for a civil rights complaint. Within his complaint, Hardage alleged that he was the victim of a retaliatory discharge having been discharged " 'for starting a workman's compensation claim, consulting with [an] attorney, and contacting defendant's insurance company.' " (R., Vol. I, Tab 7, at 1). Hardage alleged diversity of citizenship under 28 U.S.C. § 1332.
 
 
 4
 Appellees moved to dismiss for lack of subject matter jurisdiction. Appellees argued that subject matter jurisdiction could not be founded upon federal question jurisdiction since "[a]lthough Plaintiff bases his claim in part upon a violation of Constitutional law, none of the Defendants are state actors nor are they alleged to be state actors." (Id., Tab 5, at 1). Appellees further argued that subject matter jurisdiction could not be founded upon diversity since "Plaintiff has alleged that he is a citizen of Oklahoma, that Darbandi is a citizen of Oklahoma, that Big Cheese is a citizen of Oklahoma, and that Big Cheese and NEO are 'residents' of Kansas. As a result, complete diversity is lacking." Id. at 1-2.
 
 
 5
 Hardage responded via a letter which he requested the court to consider "as my motion in opposition to defendants motion to dismiss." (R., Vol. I., Tab 6, at 1). Within his letter, Hardage argued that the district court could "adjudicate this action under diversity jurisdiction ... because defendant Big Cheese Pizza, is a resident of Kansas and the plaintiff is a citizen of Oklahoma.... [and] The injury which happened to this Plaintiff occurred here in Oklahoma." (Id. at 1-2).
 
 
 6
 The district court subsequently entered an order dismissing Hardage's action finding that "because both plaintiff and defendant Darbandi are Oklahoma citizens, complete diversity of citizenship between the parties is lacking and this action must be dismissed." (R.Vol. I, Tab 7, at 2).
 
 
 7
 On appeal, Hardage contends that the district court erred in dismissing his complaint for lack of subject matter jurisdiction. Hardage argues that the district court had diversity jurisdiction since Big Cheese Pizza and Neo Pizza were incorporated in Kansas and their principal place of business is Kansas. Appellees respond that the district court properly dismissed Hardage's action for lack of subject matter jurisdiction. We agree.
 
 
 8
 "[H]istory clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Diversity jurisdiction "attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." Depex Reina Partnership v. Texas International Petroleum, 897 F.2d 461, 463 (10th Cir.1990).
 
 
 9
 It is uncontested that Hardage and Darbandi are both citizens of Oklahoma. As such, complete diversity was lacking and the district court properly dismissed Hardage's action. The dismissal is affirmed without prejudice.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3